# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1893
_____

United States of America

*Plaintiff - Appellee*

v.

Antoine L. Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 10, 2022
Filed: February 18, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury convicted Antoine Perkins of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Perkins appeals, arguing that the district court[1] erred in denying his motion for judgment of acquittal, because there was insufficient evidence to convict. We affirm.

Perkins argues that the government failed to prove that he knowingly possessed the Norinco SKS rifle that was seized by law enforcement officers on December 22, 2017. "We review de novo the sufficiency of the evidence to sustain a conviction, viewing the evidence in a light most favorable to the verdict and accepting all reasonable inferences supporting the verdict." United States v. Colton, 742 F.3d 345, 348 (8th Cir. 2014) (per curiam). We will reverse a conviction "only if no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt." Id. (quoting United States v. Bell, 477 F.3d 607, 613 (8th Cir. 2007)). For conviction, the government was required to prove that Perkins knowingly possessed the Norinco SKS rifle. See United States v. Burning Breast, 8 F.4th 808, 812 (8th Cir. 2021) (elements of offense). "Possession can be actual or constructive." United States v. Brown, 634 F.3d 435, 439 (8th Cir. 2011) (quoting United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004)).

We conclude that the evidence was sufficient to show that Perkins actually possessed the firearm. "Actual possession is the knowing, direct, and physical control over a thing." Id. (quoting Serrano-Lopez, 366 F.3d at 634). The government presented evidence of Perkins's interview with police, during which he admitted that on December 19 he had retrieved an SKS rifle from his father's house, test-fired it, and then brought it home, where he left it sitting on a footstool in his living room. He told police that this SKS rifle was on the footstool on the morning of December 22. A witness confirmed there was a rifle "[i]n the front room . . . by the ottoman"

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

on December 22 and identified the firearm seized by police as the same rifle. Moreover, another witness testified that on December 22 he saw a firearm when he was leaving Perkins's house and hid it in a back room. When shown photographs of the SKS rifle and where police found it in a back room, he confirmed that they matched the rifle he had moved and where he had hidden it. A reasonable jury could conclude that Perkins brought home an SKS rifle and placed it on a footstool, where a witness saw it, and that another witness moved it to a hiding spot, where police found and seized it. A reasonable jury could thus conclude that Perkins had actual possession of that firearm, at a minimum, when he retrieved it from his father's house, fired it, and brought it home on December 19.

The evidence was also sufficient to show that Perkins constructively possessed the firearm. "[C]onstructive possession requires both knowledge that the contraband is present and dominion over the premises where the contraband is located." United States v. Ways, 832 F.3d 887, 897 (8th Cir. 2016). Perkins concedes in his brief on appeal that he had dominion over the house. He argues that because the house was jointly occupied, the government was required to prove an additional link between Perkins and the firearm seized by police. See United States v. Ramos, 852 F.3d 747, 754 (8th Cir. 2017) ("[W]hen there is joint occupancy of a residence, dominion over the premises by itself is insufficient to establish constructive possession. Rather, the government must provide additional evidence of a link between the contraband and the defendant." (internal quotation marks and citation omitted)). We conclude that the government met that burden. As described above, there was sufficient evidence for a reasonable jury to conclude that the firearm seized was the very firearm that Perkins had knowingly brought into the house. A reasonable jury could thus conclude that Perkins had constructive possession of that firearm.

The judgment is affirmed.

_____